[No. A044685. First Dist., Div. Three. Nov. 15, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY LEE SLATER, Defendant and Appellant.

COUNSEL

Annette Lombardi, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Herbert F. Wilkinson and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WHITE, P. J.**—Larry Slater appeals from the judgment imposed following his plea of guilty to one count of sexual battery (Pen. Code, § 243.4, subd.

(a).) The trial court sentenced appellant to the midterm of three years in state prison. We affirm the judgment.

In April of 1988, the People charged appellant with the forcible rape of a mentally handicapped 29-year-old neighbor. (Pen. Code, § 261, subd. (2).) In July of 1988, the People offered to dismiss that charge on condition that appellant plead guilty to sexual battery. Appellant accepted the bargain. Since his criminal record was de minimis, appellant hoped for probation.

When the probation department submitted the presentence report, appellant discovered the department recommended he receive the midterm sentence. In response, appellant filed a statement in support of probation. In this statement appellant remarked that the probation department had received 11 letters urging probation for appellant and that, in violation of California Rules of Court, rule 419(a)(7),[1] the department failed to attach any of these letters to the presentence report. The court denied the application for probation.

On appeal, appellant contends the probation department's failure to attach the 11 reference letters resulted in such prejudice to appellant as to necessitate a remand for resentencing.

According to rule 419(a), a probation officer's presentence investigation report shall include at least the following: "(7) Collateral information including written statements from: . . . (ii) interested persons, including family members and others who have written letters concerning the defendant."

Contrary to appellant's contention, rule 419(a) does not require the presentence report to include actual letters written on behalf of the defendant. The officer fulfills rule 419(a)(7) requirements by summarizing the contents of written statements from interested persons in his own written presentence report.

Support for this reasoning is found in *People* v. *Lutz* (1980) 109 Cal.App.3d 489, 495 [167 Cal.Rptr. 309], wherein the court stated, "[T]he functions of a probation officer in submitting [a presentence] report to the court is to make an analysis and reach some conclusions which may be of assistance to the court in sentencing a defendant. The court may either accept or reject the analysis and conclusions, . . ."

Indeed, the court relies on the probation officer to evaluate and summarize collateral information concerning the defendant. Since the court is

---

[1] Unless otherwise indicated, all further references to rules are to the California Rules of Court.

aware that the presentence report is advisory in nature, it does not expect original documentation to validate the officer's conclusions.

Moreover, a defendant's statement in mitigation is the proper vehicle in which to present additional facts such as letters urging probation. (Pen. Code, § 1170, subd. (b).) Even if a defendant neglects to include the letters in his statement in mitigation, he is free to rebut the presentence report and present evidence in his own behalf at the sentencing hearing. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 725 [135 Cal.Rptr. 392, 557 P.2d 976].)

In the present case, the probation officer included a summary of the contents of the letters sent on behalf of appellant in his presentence report. Since the probation officer did include statements from interested parties, albeit summarized, in the written report, we find no error.

In any case, appellant submitted his own statement in support of probation, thus countering whatever he felt were the shortcomings of the presentence report. Moreover, the record shows the court's decision to deny probation was not based on appellant's character or prior record; it rested on the seriousness of the crime itself, and in particular, (1) the vulnerability of the victim, (2) the court's finding that the incident was planned, and (3) appellant's abuse of a position of trust and confidence.

■ Appellant further contends he suffered prejudice as a consequence of the probation department's allusion to the original, more serious charge in its sentencing recommendation. We disagree. In addition to the presentence report, the court looked at the complete record, including the original information, before imposing the sentence. Thus, the court learned independently of the original charge; the probation department's reference to it in passing could cause no prejudice.

The judgment is affirmed.

Barry-Deal, J., and Merrill, J., concurred.

A petition for a rehearing was denied December 12, 1989, and appellant's petition for review by the Supreme Court was denied February 1, 1990.